UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
EDWIN GREGORIO,                                          :
                                                         :
                              Plaintiff,                 :
                                                         :
                   -against-                             :
                                                         :          **COMPLAINT**
EL BANDIDO RESTAURANT INC. d/b/a EL                      :
BANDIDO, and TONATIUH TELLO                              :
                                                         :
                              Defendants.                :
------------------------------------------------------------------ X

Plaintiff Edwin Gregorio ("Plaintiff" or "Gregorio") by his attorneys Pechman Law Group PLLC, complaining of defendants El Bandido Restaurant Inc. d/b/a El Bandido ("El Bandido"), and Tonatiuh Tello ("Tello") (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1.      Edwin Gregorio worked as a preparation cook at El Bandido Restaurant in Middletown, New York for three years, sometimes working as many as sixty-six hours per week. Throughout his employment with El Bandido, Gregorio never received overtime wages at time and a half for hours worked over forty in a workweek. He also did not receive spread-of-hours pay when he worked shifts longer than ten hours per workday. In addition, Gregorio did not receive a wage notice upon his hiring or when his rates of pay changed, and he did not receive accurate wage statements with each payment of his wages.

2.      Gregorio brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law § 190 *et seq*. ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid overtime wages,

spread-of-hours pay, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, as all facts alleged in this Complaint occurred at El Bandido of Middletown, located in the Southern District of New York.

## THE PARTIES

**Plaintiff Edwin Gregorio**

5.      Gregorio resides in Orange County, New York.

6.      Defendants employed Gregorio from approximately January 2016 through February 15, 2019.

7.      Throughout his employment, Gregorio was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

8.      Throughout his employment, Gregorio was an employee within the meaning of the FLSA and NYLL.

**Defendant El Bandido Restaurant Inc. d/b/a El Bandido**

9.      Defendant El Bandido Restaurant Inc. is a New York corporation that owns, operates, and does business as El Bandido, a Mexican restaurant located at 536 East Main Street, Middletown, NY 10940.

10.    El Bandido has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11.    El Bandido had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

12.    El Bandido is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Tonatiuh Tello**

13.    Upon information and belief, Defendant Tonatiuh ("Tony") Tello is the owner and manager of El Bandido Restaurant Inc. d/b/a El Bandido.

14.    Throughout Gregorio's employment, Tello hired and fired employees of El Bandido, including Gregorio.

15.    Throughout Gregorio's employment, Tello was regularly present at El Bandido and directed how employees, including Gregorio, performed their duties and assignments.  For example, Tello would direct Gregorio to prepare certain meats and vegetables for each night's service.

16.    Tello determined Gregorio's wage rates and set his work schedules throughout his employment at El Bandido.

17.    Tello exercises sufficient control over the operations at El Bandido to be considered Gregorio's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Gregorio's Work Duties**

18.    Throughout his employment with Defendants as a preparation cook, Gregorio's responsibilities included cutting and preparing ingredients for food service,

reheating soups and rice from previous services for reuse, washing dishes and utensils, and cleaning the kitchen at the end of each service.

**Gregorio's Wages and Hours Worked**

19.     Throughout his employment with Defendants, Gregorio worked approximately six days a week, Friday to Wednesday, from approximately 9:00 a.m. to 11:00 p.m., with a daily break from 2:00 p.m. to 5:00 p.m. Accordingly, Gregorio worked approximately sixty-six hours per workweek during his employment.

20.     From the beginning of his employment with Defendants through approximately December 7, 2017, Gregorio was paid a weekly salary of $477.10.

21.     From approximately December 8, 2017 through August 30, 2018, Gregorio was paid a weekly salary of $542.80.

22.     From approximately August 31, 2018 through September 27, 2018, Gregorio was paid a weekly salary of $564.50.

23.     From approximately September 28, 2018 through the end of his employment with Defendants, Gregorio was paid a weekly salary of $586.18.

24.     Throughout his employment, Gregorio was only paid his designated weekly salary, regardless of the total amount of hours worked. For example, for the pay period beginning on December 7, 2018, and ending on December 13, 2018, Gregorio worked sixty-six hours but was only paid the weekly salary for that period, totaling $586.18.

25.     Throughout his employment, Defendants did not pay Gregorio spread-of-hours pay of an extra hour of pay at the statutory minimum wage rate when his workday spanned over ten hours.

4

26.     Throughout his employment, Gregorio received his wages without accurate accompanying wage statements.

27.     Defendants did not furnish Gregorio with a wage notice when he was hired by Defendants or whenever his rate of pay changed.

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

28.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

29.     Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rates for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

30.     Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the FLSA.

31.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

32.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of the action.

### SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

33.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

34.     Under the NYLL and supporting NYDOL regulations (*i.e.*, 12 N.Y.C.R.R. Part 146), Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rates per hour worked in excess of forty per workweek.

5

35.     Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

36.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

37.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

### THIRD CLAIM
### (NYLL – Spread-of-Hours Pay)

38.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

39.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

40.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting NYDOL Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

41.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### FOURTH CLAIM
### (NYLL – Failure to Provide Wage Notices)

42.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

43.     Defendants failed to furnish Plaintiff with a notice at the time of hiring and whenever his rates of pay changed reflecting the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; and anything otherwise required by law in violation of NYLL § 195(1).

44.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees and costs, and disbursements of the action, pursuant to NYLL § 198(1–b).

**FIFTH CLAIM**
**(NYLL – Failure to Provide Accurate Wage Statements)**

45.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

46.     Defendants failed to furnish Plaintiff with a statement at the end of each pay period accurately reflecting:  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

47.     Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per workday, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.  declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL regulations;

b.  declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL regulations;

c.  declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

d.  declaring that Defendants' violations of the FLSA and NYLL were willful;

e.  enjoining future violations of the FLSA and NYLL by Defendants;

f.  awarding Plaintiff damages for unpaid overtime wages and spread-of-hours pay;

g.  awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

h.  awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with wage notices and wage statements pursuant to the NYLL and WTPA;

i.  awarding Plaintiff pre- and post-judgment interest under NYLL;

j.  awarding Plaintiff his reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to the FLSA and the NYLL; and

k.  awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        December 9, 2020

                                    PECHMAN LAW GROUP PLLC

                                    By: _s/ Louis Pechman_____
                                        Louis Pechman
                                        Vivianna Morales
                                        488 Madison Avenue, 17th Floor
                                        New York, New York 10022
                                        Tel.: (212) 583-9500
                                        pechman@pechmanlaw.com
                                        morales@pechmanlaw.com
                                        *Attorneys for Plaintiff*